# UNITED STATES DISTRICT COURT

for the
Eastern District of California

| In the Matter of the Search of | ) |
| --- | --- |
| (1) a black Apple iPhone, serial number QGN7PNP9FN (Device 1) and (2) a silver Apple iPhone, with a brown/blue back, and unknown serial number (Device 2), CURRENTLY LOCATED AT HSI Sacramento, 650 Capitol Mall, Sacramento, CA 95814 | ) ) ) ) ) ) ) |

Case No.  2:24-sw-0775 CKD

**FILED**
Aug 09, 2024
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

located in the Eastern District of California , there is now concealed *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☒ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
| --- | --- |
| 21 U.S.C. § 841 | Distribution of controlled substances |
| 21 U.S.C. § 960 | Unlawful importation/exportation of controlled substances |

The application is based on these facts:

**SEE AFFIDAVIT, attached hereto and incorporated by reference.**

- ☒ Continued on the attached sheet.
- ☐ Delayed notice _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/
*Applicant's signature*
Casey J. Snyder, Special Agent, HSI
*Printed name and title*

Sworn to me and signed via telephone.

Date: August 9, 2024 at 2:36 pm

[signature: Carolyn K. Delaney]
*Judge's signature*

City and state: Sacramento, California

Carolyn K. Delaney, U.S. Magistrate Judge
*Printed name and title*

PHILLIP A. TALBERT
United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Search of:<br><br>(1) a black Apple iPhone, serial number QGN7PNP9FN (Device 1) and (2) a silver Apple iPhone, with a brown/blue back, and unknown serial number (Device 2), CURRENTLY LOCATED AT HSI Sacramento, 650 Capitol Mall, Sacramento, CA 95814 | CASE NO.  2:24-sw-0775 CKD<br><br>AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH **DEVICE** |

I, Casey J. Snyder, being first duly sworn, hereby depose and state as follows:

### I.   INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—two electronic devices—which are currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am a Special Agent with Homeland Security Investigations (HSI), and have been since June 2022. Prior to HSI, I was a Special Agent with the U.S. Postal Service, Office of Inspector General, for over ten years.

3. I completed the Criminal Investigator Training Program (CITP) at the Federal Law Enforcement Training Center in Glynco, Georgia, in 2008. Additionally, I have completed various advanced training courses and certifications pertaining to criminal investigations. Most recently, I

completed the HSI Special Agent Training (HSISAT) course at FLETC in December of 2022. I have gained experience through my training and investigations I have either led or participated in. I have investigated various criminal violations including drug trafficking and smuggling.

4. In the course of my employment, I have served or assisted in serving search warrants; seized numerous items of computer equipment and digital evidence; and I have participated in several investigations involving computer forensics, including investigations related to drug trafficking and smuggling. I have been a Special Agent for over 15 years and am a federal law enforcement officer who is engaged in enforcing criminal laws, including under Titles 18 and 21 of the United States Code, and I am authorized by law to request a search warrant.

5. This affidavit is written in support of an application to search two mobile telephones, identified below, belonging to Scott Wallace, based on probable cause to believe that Wallace has engaged is, or is engaged in, violations of 21 U.S.C. § 841(a)(1), distribution of controlled substances, and 21 U.S.C. § 960, unlawful importation or exportation of a controlled substance

6. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## II.     IDENTIFICATION OF THE DEVICE TO BE EXAMINED

7. The property to be searched are (1) a black Apple iPhone, serial number QGN7PNP9FN (Device 1) and (2) a silver Apple iPhone, with a brown/blue back, and unknown serial number (Device 2) (collectively, "the Devices"), which are also identified in Attachment A. The Devices are currently located at HSI Sacramento, 650 Capitol Mall, Sacramento, CA 95814.

8. The applied-for warrant would authorize the forensic examination of the Devices for the purpose of identifying electronically stored data particularly described in Attachment B.

## III.     PROBABLE CAUSE

9. On August 6, 2024, **Scott Wallace**, attempted to return to the United States from Ottawa, Canada. **Wallace** is a United States citizen, born June 26, 1987. When interviewed by Customs and Border Protection (CBP) personnel at Ottowa Macdonald-Cartier International Airport (YOW), **Wallace** told CBP he lived at an address on The Horseshoe, in Winters, California, and had travelled to Canada

AFFIDAVIT                                           2

to visit a friend from the Middle East.[1]  **Wallace** provided CBP a name for this individual but would not provide a date of birth or approximate age.  CBP observed multiple visas in **Wallace**'s passport, including visas to visit Afghanistan and Uzbekistan.  **Wallace** told CBP he created a Non-Governmental Organization (NGO) in Afghanistan which converted poppy fields into hemp fields.

10. CBP records showed that on June 22, 2024, CBP seized a parcel destined to "**Scott Shepherd**," at an address on Suffolk Place, Winters, California, from the United Kingdom. The parcel contained approximately two kilograms of white powder, concealed inside an exercise ball. CBP determined the powder to be Ketamine, a schedule III controlled substance.  Law enforcement records did not reveal a **Scott Shepherd** associated the Suffolk Place address in Winters.  Law enforcement records indicated this was one of two residences currently associated with **Scott Wallace**, however.

11. While examining **Wallace**, CBP identified two cellular phones. The first (**Device 1**) was located on **Wallace**'s person. The second (**Device 2**) was located in **Wallace**'s carry-on luggage. **Wallace** provided the access code for **Device 1** and CBP was able to access the telephone and review its contents.  **Wallace** would not provide a passcode to open **Device 2**, so CBP agents were unable to review its contents.

12. While reviewing **Device 1**'s contents, CBP observed images and conversations **Wallace** had with others, discussing drug trafficking and smuggling of controlled substances into the United States, including images of what appeared to be controlled substances, purity testing of methamphetamine, the sale of controlled substances, and discussions of getting controlled substances passed United States Customs.  Based on the information above, CBP detained the **Devices**.

13. I reviewed law enforcement records which showed **Wallace** had multiple arrests and/or convictions between 2008 and 2023, including for possession of a controlled substance, possession of controlled substance for sale, vehicular hit and run, and disorderly conduct while under the influence of a drug.  I reviewed CBP records which indicated **Wallace** had an extensive international travel record to

---

[1] U.S. Customs and Border Protection maintains a pre-travel border checkpoint at YOW for people traveling to the United States.  This checkpoint functions as a border crossing in the same way as a CBP border checkpoint at international arrival terminals in airports within the United States. Passengers who have been through this checkpoint at YOW therefore do not typically have to clear customs a second time once they arrive in the United States.

AFFIDAVIT                                              3

countries including Mexico, Switzerland, Iceland, Japan, Panama, Taiwan – Republic of China, Germany, Turkey, United Arab Emirates, Qatar, Israel, Jordan, United Kingdom, Spain, and Canada.

14. Based on my training and experience, I know that individuals involved in drug trafficking and/or smuggling merchandise, such as controlled substances, into the United States will often maintain more than one mobile phone. Additionally, I know these individuals will often use these devices to facilitate these criminal acts, including communicating with co-conspirators, sending or receiving funds to pay for controlled substances, or taking pictures or videos of controlled substances they are smuggling into the United States or distributing within the United States. These devices will often contain evidence of criminal activity such as photos of controlled substances or communications about circumventing law enforcement or smuggling controlled substances into the United States.

15. The **Devices** are currently in the lawful possession of Homeland Security Investigations. they came into the Homeland Security Investigations' possession in the following way: Customs and Border Protection agents seized them during a customs check at Ottowa International Airport (YOW) as **Wallace** was attempting to travel from Canada to the United States. Agents searched one of the devices and found evidence that the device's use was involved in drug smuggling. CBP then sent the **Devices** to the Homeland Security Investigations office in Sacramento for further examination. Therefore, while Homeland Security Investigations might already have all necessary authority to examine the **Devices**, I seek this additional warrant out of an abundance of caution to be certain that an examination of the **Devices** will comply with the Fourth Amendment and other applicable laws.

16. The Devices are currently in storage at HSI Sacramento, 650 Capitol Mall, Sacramento, CA 95814. In my training and experience, I know that the Devices have been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Devices first came into the possession of the Homeland Security Investigations.

### IV.     TECHNICAL TERMS

17. Based on my training and experience, I use the following technical terms to convey the following meanings:

    a) Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals.

These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b) Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c) Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

d) GPS: A GPS navigation device uses the Global Positioning System to display its current

location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

e) PDA: A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

f) IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some

computers have static-that is, long-term-IP addresses, while other computers have dynamic-that is, frequently changed-IP addresses.

g) Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

18. Based on my training, experience, and research, I know that the Devices have capabilities that allow them to serve as wireless telephone, digital camera, portable media player, GPS navigation device, and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## V.  ELECTRONIC STORAGE AND FORENSIC ANALYSIS

19. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

20. <u>Forensic evidence.</u> As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Devices was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Devices because:

a) Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b) Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c) A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about

        how electronic devices were used, the purpose of their use, who used them, and when.

    d)    The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

    e)    Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

21.    <u>Nature of examination.</u>  Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

22.    <u>Manner of execution.</u>  Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## VI.    CONCLUSION

23.    I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Devices described in Attachment A to seek the items described in Attachment B.

24.    It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and search warrant. I believe that sealing this document is necessary because the warrant is relevant to an ongoing investigation into the criminal organizations as not all of the targets of this investigation will be searched at this time. Based upon my training and experience, I have learned that, online criminals actively

AFFIDAVIT        8

search for criminal affidavits and search warrants via the internet, and disseminate them to other online criminals as they deem appropriate, i.e., post them publicly online. Premature disclosure of the contents of this affidavit and related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

Respectfully submitted,

/s/
Casey J. Snyder
Special Agent
Homeland Security Investigations

Subscribed and sworn to me via telephone on:    August 9, 2024

The Honorable Carolyn K. Delaney
UNITED STATES MAGISTRATE JUDGE

Approved as to form by
AUSA James R. Conolly

## **ATTACHMENT A**

The property to be searched is a (1) a black Apple iPhone, serial number QGN7PNP9FN (Device 1) and (2) a silver Apple iPhone, with a brown/blue back, and unknown serial number (Device 2), hereinafter the "Device." The Devices are currently located at HSI Sacramento, 650 Capitol Mall, Sacramento, CA 95814.

This warrant authorizes the forensic examination of the Devices for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1. All records on the Device described in Attachment A that relate to violations of 21 U.S.C. § 841 and 21 U.S.C. § 960 and involve **Scott Wallace** since January 1, 2024, including:

    a. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

    b. methods used to import drugs, or cause drugs to be imported, into the United States;

    c. lists of customers and related identifying information;

    d. lists of co-conspirators and related identifying information;

    e. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

    f. any information recording **Scott Wallace**'s schedule or travel from January 1, 2024, to the present;

    g. all bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3. Records evidencing the use of the Devices' internet browsers, including:

    a. records of Internet Protocol addresses used;

    b. records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

4. This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the investigating agency may deliver a

complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

# UNITED STATES DISTRICT COURT
for the

Eastern District of California

In the Matter of the Search of )
(1) a black Apple iPhone, serial number )
QGN7PNP9FN (Device 1) and (2) a silver Apple )   Case No.   2:24-sw-0775 CKD
iPhone, with a brown/blue back, and unknown serial )
number (Device 2), CURRENTLY LOCATED AT )
HSI Sacramento, 650 Capitol Mall, Sacramento, CA )
95814

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the     Eastern     District of     California
*(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference.**

**YOU ARE COMMANDED** to execute this warrant on or before     August 23, 2024     *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.     ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: any authorized U.S. Magistrate Judge in the Eastern District of California.

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ___ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:     August 9, 2024 at 2:36 pm          *Carolyn K. Delaney* (signature)
                                                                  *Judge's signature*

City and state:     Sacramento, California          Carolyn K. Delaney, U.S. Magistrate Judge
                                                                  *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2) (modified)

| Return |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||

**Certification**

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_____

Subscribed, sworn to, and returned before me this date.

_____
Signature of Judge                                                                                    Date

## **ATTACHMENT A**

The property to be searched is a (1) a black Apple iPhone, serial number QGN7PNP9FN (Device 1) and (2) a silver Apple iPhone, with a brown/blue back, and unknown serial number (Device 2), hereinafter the "Device." The Devices are currently located at HSI Sacramento, 650 Capitol Mall, Sacramento, CA 95814.

This warrant authorizes the forensic examination of the Devices for the purpose of identifying the electronically stored information described in Attachment B.

## **ATTACHMENT B**

1. All records on the Device described in Attachment A that relate to violations of 21 U.S.C. § 841 and 21 U.S.C. § 960 and involve **Scott Wallace** since January 1, 2024, including:

    a. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

    b. methods used to import drugs, or cause drugs to be imported, into the United States;

    c. lists of customers and related identifying information;

    d. lists of co-conspirators and related identifying information;

    e. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

    f. any information recording **Scott Wallace**'s schedule or travel from January 1, 2024, to the present;

    g. all bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3. Records evidencing the use of the Devices' internet browsers, including:

    a. records of Internet Protocol addresses used;

    b. records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

4. This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the investigating agency may deliver a

complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.